## 62227. SMITH v. SEARS, ROEBUCK & COMPANY.

POPE, Judge.

Sears, Roebuck and Company filed suit against appellant seeking to recover a debt. The appellant, upon being served with process, telephoned the attorney for Sears and conferred with him concerning a payment schedule for repaying the debt. Appellant claims that after speaking with the attorney, he was under the impression that the telephone call was a sufficient "answer" and that this was all he needed to do concerning the case. Appellant took no action in this case until he was notified that he was in default for having failed to file an answer to the complaint. Appellant subsequently contacted an attorney and filed a motion to allow an out of time answer, which was denied by the trial court.

Appellant claims the trial judge abused his discretion in failing to open the default. Code Ann. § 81A-155(b) specifically sets out three ways in which a default judgment may be opened. The first way is a showing of "providential cause" preventing the filing of an answer; the second is a showing of "excusable neglect" in failing to file an answer; the third, a finding by the trial judge from all the facts that a proper case has been made for the default to be opened. The complaint in the present case specifically stated that appellant had to file an answer with the clerk's office within thirty days. The attorney for Sears by affidavit indicated that he gave no legal advice to appellant when contacted but merely offered appellant various payment arrangements which were acceptable to Sears.

The evidence did not demand a finding of excusable neglect which would have required the opening of the default judgment. *Cobb County Fair Assn. v. Boyle,* 143 Ga. App. 754 (240 SE2d 136) (1977). Further, appellant failed to present evidence setting up a meritorious defense to the suit on account as required by Code Ann. § 81A-155. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 10, 1981.

*Jay W. Bouldin,* for appellant.
*H. Gilman Hudnall,* for appellee.